NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA NOEMI RAMOS-ACUNA, et al.;<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-3443<br><br>Agency Nos.<br>A216-637-526<br>A216-637-527<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2026[**]

Before:  WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Ana Noemi Ramos-Acuna and her daughter, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, and Ramos-Acuna's applications for withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because Ramos-Acuna failed to show any nexus to a protected ground, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, petitioners' asylum claim, and Ramos-Acuna's withholding of removal claim fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Ramos-Acuna does not challenge the agency's determination that she failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala, so we do not address it.

25-3443

*See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**